

**FILED**

JAN 29 2016

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ALICIA A. CLINE, | ) | CIV. NO. 16-5008 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | 0 | **VERIFIED COMPLAINT** |
| | 0 | |
| COMMUNITY EDUCATION | ) | |
| CENTERS, INC. D/B/A COMMUNITY | ) | |
| ALTERNATIVES OF THE BLACK | ) | |
| HILLS, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff Alicia A. Cline, by and through her undersigned

attorneys, and for her cause of action against the above named Defendant, states and

alleges as follows:

## PARTIES AND CHARGE OF DISCRIMINATION

1.      Plaintiff Alicia A. Cline resides in the City of Rapid City, County of

Pennington, State of South Dakota.

2.      At all relevant times, Plaintiff was employed by Defendant Community

Education Centers, Inc. ("CEC"), d/b/a Community Alternatives of the Black Hills

("CABH"), which is a Delaware corporation registered as a foreign business in South

Dakota.

3.      CEC is headquartered in New Jersey, but operates CABH located in Rapid

City, Pennington County, South Dakota.

4.      Plaintiff filed discrimination charges with the South Dakota Department of

Labor and Regulation, Division of Human Rights ("DHR") on or about May 7, 2015, and the charge was dual filed with the Equal Employment Opportunity Commission ("EEOC") simultaneously.

5.     The DHR issued a Determination of No Probable Cause on or about September 22, 2015.

6.     The EEOC issued its Dismissal and Notice of Rights on or about November 2, 2015, which is attached hereto as Exhibit A and incorporated herein by reference.

7.     The Plaintiff has properly exhausted her administrative remedies and is timely in filing this instant action.

## JURISDICTION AND VENUE

8.     This is an action brought to remedy employment discrimination on the basis of race and retaliation, which interfered with and resulted in an alteration of the terms and conditions of Plaintiff's employment, and to remedy injuries and damages suffered by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e *et seq.*)("Title VII"), as well as the South Dakota Human Relations Act of 1972, ("SDHRA") (SDCL 20-13 *et seq*). This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5, subject matter jurisdiction, and 28 U.S.C. §§1331, 1343(a)(4).

9.     This Court has jurisdiction over pendant South Dakota state law claims alleged herein pursuant to 28 U.S.C. §1367.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

11.     Plaintiff incorporates and realleges Paragraphs 1-10 as if set forth fully herein.

12.     Cline is a Caucasian female.

13.     Cline began working for Defendant in February of 2009.

14.     At the time of her termination on January 16, 2015, Cline held the position of Deputy Director.

15.     Former Director Carroll Swan began his employment with CABH in late October of 2014.

16.     Throughout his first few weeks of employment, Swan made several comments to Cline that suggested that he thought that Cline was of Native American descent, but Cline did not correct him or make any comments in response.

17.     On or about November 24, 2014, two of Cline's children became ill, requiring a visit to the doctor. When Cline returned to work the following day, Swan made a comment to her that it was unfortunate for Cline's children to be ill over the Thanksgiving holiday. Cline responded that although unfortunate, she was relieved that her children did not become ill on Thanksgiving Day, as the clinic would be closed. Swan responded that she could have taken her children to Sioux San Hospital (the local Indian Health Services facility) for treatment on Thanksgiving Day. Cline informed him that neither she nor her children were of Native American descent, and therefore, they could not receive treatment at an Indian Health Services facility.

18.     After the November 24th conversation, Swan's communication to Cline became less responsive and more critical and confrontational. He also removed certain job responsibilities from her.

19.     Swan also made other racial comments toward Cline, including but not limited to his vision for hiring only Native Americans at CABH.

20.     Cline reported the November 24th conversation, as well as Swan's other comments regarding his desire to hire only Native Americans, to Office Manager/Human Resource Manager Lorene Triebwasser.

21.     On or about December 19, 2014, Cline reported Swan's racial comments made toward her to Bureau of Prisons Contract Oversight Specialist Steve Jacobs and Residential Re-Entry Manager Alice Daddario.

22.     Defendant failed to properly investigate Plaintiff's complaints made to Triebwasser, Jacobs, and/or Daddario.

23.     On or about December 30, 2014, Swan gave Cline a written disciplinary action for her allegedly speaking in a negative and disrespectful tone to Program Counselor Brian Anderson on December 10, 2014, twenty days prior to actually receiving the written disciplinary action.

24.     Upon receiving the written disciplinary action, Cline immediately contacted Eric Jonas, the Vice President of Human Resources, and requested more information on the procedure to challenge the discipline and to provide more contextual information about the situation. Cline also requested information on how to file a formal complaint

4

because she felt that Swan was retaliating against her.

25.     Cline never received a response from Jonas, but was instead inexplicably suspended without pay on December 31, 2014.

26.     Defendant failed to properly investigate Cline's complaint made to Jonas.

27.     After her suspension, Cline made a complaint regarding Swan's behavior on the company hotline pursuant to CEC's Ethics Hotline Policy No. 300.36, attached hereto as Exhibit B.

28.     On January 16, 2015, Emily Bottoms, CEC's Western Regional Deputy Director, notified Cline that she was being terminated from employment, citing Gross Misconduct among other reasons. Cline also received a letter dated January 16, 2015, notifying her that CEC's investigation into her discrimination complaint was meritless.

29.     As a direct and proximate result of Defendant's actions and inactions, are herein above alleged, Plaintiff has suffered and will continue to suffer, loss of income and benefits, humiliation, embarrassment, mental and emotional distress, and other pain and suffering.

## COUNT 1:
### UNLAWFUL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED

30.     Plaintiff incorporates and realleges the above allegations to the same extent as if set forth fully herein.

31.     Cline timely filed a charge of discrimination against the Defendant with the South Dakota Division of Human Rights and the U.S. Equal Employment Opportunity

Commission and has exhausted all of her administrative remedies.

32.    The disciplinary action Cline received was based on discrimination against Cline because of her race, in violation of 42 U.S.C. § 2000e *et seq.*

33.    Defendant had knowledge of the racial discrimination Cline was experiencing in the workplace, but failed to: (a) properly investigate; (b) take adequate remedial action; and (c) exercise reasonable care to prevent and promptly correct the racially discriminatory behavior.

34.    The reason given for Cline's disciplinary action, suspension, and termination was pretextual in nature.

35.    The act of disciplining, suspending, and terminating Cline's employment was based on discrimination against her because of her race, in violation of 42 U.S.C. § 2000e *et seq.*

36.    As a result of Defendant's discriminatory and retaliatory actions, Cline has suffered loss of income, employment benefits, and an inability to secure suitable employment because of her termination by Defendant.

37.    As a result of the foregoing, Cline is entitled to recover for damages, including, but not necessarily limited to, actual, consequential and punitive damages.

## COUNT 2:
## RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

38.    Plaintiff incorporates and realleges the above allegation to the same extent as if set forth fully herein.

39.    42 U.S.C. § 1981 provides all persons with equal rights under the law.

40.     Defendant intentionally discriminated against Cline based on her race by denying her equal rights in the enjoyment of all benefits, privileges, and terms and conditions of her employment.

41.     Defendant's conduct toward Cline was in violation of 42 U.S.C. § 1981.

42.     As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1981, Cline has suffered loss of income and benefits, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and other pain and suffering.

**COUNT 3:**
**UNLAWFUL DISCRIMINATION IN VIOLATION OF THE SOUTH**
**DAKOTA HUMAN RELATIONS ACT**

43.     Plaintiff incorporates and realleges the above allegations to the same extent as if set forth fully herein.

44.     Cline is a covered employee for purposes of SDCL §20-13-1(6) and CABH is a covered employer under SDCL §20-13-1(7).

45.     The disciplinary action Cline received was based on discrimination against Cline because of her race, in violation of the South Dakota Human Relations Act.

46.     Defendant had knowledge of the racial discrimination Cline was experiencing in the workplace, but failed to: (a) properly investigate; (b) take adequate remedial action; and (c) exercise reasonable care to prevent and promptly correct the racially discriminatory behavior.

47.     The reason given for Cline's disciplinary action, suspension, and termination was pretextual in nature.

48.    The act of disciplining, suspending, and terminating Cline's employment was based on discrimination against her because of her race, in violation of the South Dakota Human Relations Act.

49.    As a result of Defendant's discriminatory and retaliatory actions, Cline has suffered loss of income, employment benefits, and an inability to secure suitable employment because of her termination by Defendant.

50.    As a result of the foregoing, Cline is entitled to recover for damages, including, but not necessarily limited to, actual, consequential and punitive damages.

## COUNT 4:
## RETALIATORY DISCHARGE AND WRONGFUL TERMINATION
### (Title VII – 42 U.S.C. § 2000e-3(a) and SDCL § 20-13-26)

51.    Plaintiff incorporates and realleges the above allegations to the same extent as if set forth fully herein.

52.    Defendant, through its managers and officials acting on behalf of Defendant and within the scope of their employment, engaged in unlawful retaliation and reprisal against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 and the South Dakota Human Relations Act, after Plaintiff asserted her rights under both laws.

53.    Defendant failed to take all reasonable steps to ensure and prevent retaliation against Plaintiff from occurring.

54.    The actions of Defendant adversely affected the terms, conditions and privileges of Plaintiff's employment, including her termination.

55.    The act of disciplining, suspending, and terminating Cline's employment

was taken in retaliation for her numerous complaints of unlawful discrimination, in violation of 42 U.S.C. § 2000e-3 and SDCL § 20-13-26.

56. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her reports, complaints and objections.

57. As a direct and proximate result of Defendant's actions and conduct, Plaintiff has suffered and continued to suffer loss of wages and income and benefits, loss of career development, loss of job satisfaction, and other damages.

## COUNT 5:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff incorporates and realleges the above allegations to the same extent as if set forth fully herein.

59. Defendant's discriminatory conduct and retaliation was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

60. Defendant, and Defendant's Director Swan, knew, or in the exercise of reasonable care should have known, that their conduct would result in serious emotional distress to Plaintiff.

61. Defendant, by its extreme and outrageous conduct, acted intentionally and/or recklessly to cause Cline severe emotional distress.

62. Defendant's conduct in fact caused Cline severe emotional distress.

63. Defendant acted outrageously in not taking adequate preventative or remedial measures and is vicariously liable for the actions of Swan which were

9

committed within the course and scope of employment.

64.     As a result of Cline's severe emotional distress in response to Defendant's

discriminatory conduct and retaliation, she has suffered extreme pain and suffering

including but not limited to embarrassment, humiliation, loss of self-esteem, and loss of

enjoyment of life.

65.     As a result of the foregoing, Plaintiff is entitled to recover for damages,

including but not necessarily limited to, actual, consequential and punitive damages.

## PUNITIVE DAMAGES

66.     Plaintiff incorporates and realleges the above allegations to the same extent

as if set forth fully herein.

67.     Defendant's conduct was intentional, wanton, willful, oppressive, and

malicious.

68.     Defendant acted with evil motive or intent or with a reckless or callous

indifference to Plaintiff's rights.

69.     As a result of Defendant's conduct, Plaintiff is entitled to exemplary

damages, to be determined at trial.

## DEMAND FOR JURY TRIAL PURSUANT TO RULE 38(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

70.     Plaintiff hereby requests a trial by jury on the issues of fact in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment and relief against

Defendant as follows:

a.   Compensatory damages arising from the past, present and future loss of income and benefits, including loss of career development, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of enjoyment of life, loss of job satisfaction, and emotional distress in an amount to be determined at trial;

b.   Punitive/exemplary damages arising from Defendant's conduct toward Plaintiff, in an amount to be determined by the jury;

c.   Any other such damages and loss as determined by the jury;

d.   Attorney fees, including expert witness fees, as provided by law;

e.   Costs and disbursements;

f.   Pre- and post-judgement interests on all sums awarded; and

g.   Such other relief the Court deems fair, equitable, and just.

Dated this 29th day of January , 2016.

_____
Alicia A. Cline

State of South Dakota   :
                        ss
County of Pennington    :

On this the 29th day of January, 2016, before me, the undersigned officer, personally appeared Alicia A. Cline, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public, South Dakota

(SEAL)

My Commission Expires: 4-13-2018

11

Respectfully submitted: January 29, 2016.


By: _____
Kassie McKie Shiffermiller
Jennifer Suich Frank
Attorneys for Plaintiff
PO Box 8250
Rapid City, SD  57709
605-342-2592

12